

**FLETCHER LAW, PLLC**
524 Broadway, 11th Floor • New York, NY 10012
T: (212) 320-8945 • F: (347) 983-0046
www.fletcherlaw.co

Jordan Fletcher, Principal
Email: jordan@fletcherlaw.co

August 5, 2021

**BY ECF**

Hon. Maxine M. Chesney
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Muddy Waters Capital LLC v. John Does 1-10*, No. 3:19 Civ.1293 (MMC)
            Status Report

Dear Judge Chesney,

      This firm represents plaintiff Muddy Waters Capital LLC ("MWC") in the above-referenced action. I write pursuant to the Court's Order of July 22, 2021 (Dkt. No. 84) to provide the Court with an update on the status of this action.

      Following this Court's grant of MWC's motion for issuance of a Letter of Request to the Senior Master of the High Court of England and Wales for International Judicial Assistance (*see* Dkt. No. 81), MWC pursued discovery in the United Kingdom from former-defendant in this action Tullett Prebon (Securities) Ltd. ("Tullett").

      Tullett ultimately produced documents and information confirming that its brokerage client in the securities transactions at issue in this case – which transactions MWC alleges were entered into illegally on the basis of inside information concerning the issuer of the underlying bonds, French retailer Casino Guichard-Perrachon ("Casino") – was Aviva Investors France (f/k/a Aviva Festion D'Actifs) ("Aviva France").  Aviva France was previously a French subsidiary of U.K. insurance giant Aviva, and, upon information and belief, was sold in February 2021 to the French insurance brokerage Aema Groupe.

      Based upon publicly available information, MWC understands that Aviva France was a substantial shareholder of Casino equities at the time the subject transactions took place. According to S&P Global's Capital IQ platform, Aviva owned 1.5% of Casino's outstanding shares, worth approximately EUR 73.3 million, as of December 31, 2015.  However, in light of this Court's Order dated October 16, 2020 concerning Tullett's motion to dismiss for lack of personal jurisdiction (Dkt. No. 73), as well as the Court's sentiments expressed on the record during the oral argument on Tullett's motion (Dkt. No. 72), MWC believes that it is unlikely to

establish that this Court has jurisdiction to adjudicate its claims against Aviva France.

Consequently, MWC has determined that its only available course of action is to dismiss the instant proceeding against the remaining John Doe defendants. MWC will be filing a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) concurrently with this letter.

Respectfully submitted,

Jordan Fletcher